**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA DAVIS, as Personal Representative of the Estate of G.B., deceased, | No. 18-35924 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00062-SMJ |
| v. | MEMORANDUM[*] |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted February 3, 2020
Seattle, Washington

Before: M. SMITH, N.R. SMITH, and BRESS, Circuit Judges.

Barbara Davis, personal representative of decedent G.B.'s estate, appeals the

district court's grant of summary judgment for Sarah Oase, a social worker

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

supervisor with the Washington State Department of Social and Health Services, based on its determination that Oase was entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In determining whether a social worker is entitled to qualified immunity, we must examine "(1) whether the facts, taken in the light most favorable to the party asserting the injury, show that the social workers' conduct violated a constitutional right and (2) if so, whether the right was clearly established, such that a reasonable official would understand that his conduct violated that right." *Cox v. Dep't of Soc. & Health Servs.*, 913 F.3d 831, 837 (9th Cir. 2019) (alterations adopted) (quoting *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010)).

Under our precedents "[w]here children are in state custody, the Fourteenth Amendment's substantive due process clause protects their liberty interest 'in social worker supervision and protection from harm inflicted by a third party.'" *Id.* (alteration adopted) (quoting *Tamas*, 630 F.3d at 842). We have held that this liberty interest is violated when a social worker acts with deliberate indifference, which requires a two-part showing: (1) "an objectively substantial risk of harm" and (2) "'that the officials were subjectively aware of facts from which an inference could be drawn' that such a risk existed and that 'either the official actually drew that inference or that a reasonable official would have been

2

compelled to draw that inference.'" *Id.* at 837–38 (quoting *Tamas*, 630 F.3d at 845). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

Davis argues that, because Oase violated department policies requiring a request for courtesy supervision and a home study from the Spokane office in conjunction with G.B.'s placement in his paternal aunt's home, Oase was deliberately indifferent to G.B.'s protected liberty interest. However, "[w]hether the [social worker] violated a state law or an internal departmental policy is not the focus of our inquiry." *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 929 (9th Cir. 2001). Rather, the focus is on whether there is a violation of federal statutory or constitutional rights. *See id.*

Viewing the record in a light most favorable to Davis, there is insufficient evidence to show that there was an objectively substantial risk that G.B. would be physically harmed by his aunt. Oase supervised G.B.'s assigned social worker from the time they began looking for permanent placement for G.B. in April 2014 until the end of August 2014. While WSDSHS was looking for foster placement for G.B., G.B.'s aunt offered permanent placement. The assigned social worker reported conducting a walkthrough of the aunt's home to determine its suitability for G.B's placement, and a background check was conducted. Shortly thereafter,

the dependency court, with the approval of the Hoh Tribe, ordered G.B. have an extended visit at the home. The assigned social worker told Oase she would continue to do health and safety visits with G.B. while he was in the aunt's home. Neither before nor during the time that Oase supervised the assigned social worker were there any substantiated reports showing that G.B.'s aunt either harmed G.B. or her own children. While questions were later raised about the quality of the assigned social worker's work, by this point Oase was no longer her supervisor. Because these facts known at the time do not rise to the level of an objectively substantial risk of harm to G.B., the high standard of deliberate indifference is not met. Thus, Oase is entitled to qualified immunity.[1]

**AFFIRMED.**[2]

---

[1] Because we determine there was no objectively substantial risk of harm, we need not decide WSDSHS's contentions about the scope of the clearly established right and the applicability of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[2] WSDSHS's motion for the court to take judicial notice of two records filed by Davis in the companion case is denied.